# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Criminal Action No.** |
| ) | **18-00153-01-CR-W-RK** |
| **JOEL JEROME TUCKER,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER OF CONTINUANCE

On June 5, 2018, the Grand Jury returned an Indictment charging defendant withtwelve counts of Interstate Transportation of Stolen Money in violation of 18 U.S.C. §2314, with two counts of Bankruptcy Fraud in violation of 18 U.S.C. §157, and with one count of Falsification of Record in Bankruptcy in violation of 18 U.S.C. §§1519 and 2. This criminal action is currently set for trial on the joint criminal trial docket which commences January 7, 2019.

On December 13, 2018, defendant Tucker, by and through counsel, filed a motion for continuance and suggestions in support thereof. The suggestions in support of the defendant's motion for continuance state, in part, as follows:

> Discovery in this case is voluminous, undersigned counsel needs additional time to review and discuss all the discovery and options with defendant so that he may make an informed decision. Additional time is also needed to conduct independent legal and factual investigation.
>
> There are no objections to the granting of this continuance by Kate Mahoney, Assistant United States Attorney.

The Speedy Trial Act of 1974, as amended, mandates the commencement of the trial of a defendant within 70 days from the defendant's first appearance before a judicial officer of the

Court in which the charge is pending. In computing the 70-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interest of the public and the defendant in a speedy trial, provided the Court sets forth the reason for such finding.

Section 3161(h)(7)(C) provides that a continuance shall not be granted because of general congestion of the Court's calendar. In ordering this case removed from the joint criminal jury trial docket which will commence January 7, 2019, and continuing the trial until the joint criminal jury trial docket which will commence September 23, 2019, the Court is not doing so because of congestion of its calendar.

The Court finds that:

1. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, it would be unreasonable to expect defense counsel to prepare this criminal action adequately for trial prior to September 23, 2019;

2. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, failure to remove this criminal action from the joint criminal jury trial docket which will commence January 7, 2019, and grant a continuance likely would result in a miscarriage of justice;

3. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, failure to remove this criminal action from the joint criminal jury trial docket which will commence January 7, 2019, and grant a continuance would deny defense counsel the reasonable time necessary for effective preparation and thus would deny the defendant his right to effective assistance of counsel; and

4. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, the ends of justice served by removing this criminal action from the joint criminal

jury trial docket which will commence January 7, 2019, and granting a continuance outweigh the best interest of the public and the defendant in a speedy trial.

It is therefore,

ORDERED that the motion for continuance of this criminal action filed by defendant Tucker on December 13, 2018, (Doc. No. 15) is GRANTED and that this criminal action is removed from the joint criminal jury trial docket which will commence January 7, 2019. It is further

ORDERED that this criminal action is set for trial on the joint criminal jury trial docket which will commence September 23, 2019. It is further

ORDERED that the pretrial conference is set for Thursday, September 5, 2019, at 1:30 p.m., in Courtroom 7E. It is further

ORDERED that, pursuant to 18 U.S.C. § 3161(h), the time between the date of this Order and October 4, 2019, shall be excluded in computing the time within which the trial of this criminal action must commence.

*/s/ JOHN T. MAUGHMER*
JOHN T. MAUGHMER
United States Magistrate Judge

Kansas City, Missouri

3

Case 4:18-cr-00153-RK   Document 16   Filed 12/17/18   Page 3 of 3