# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. |
| | ) 18-00153-01-CR-W-RK |
| JOEL JEROME TUCKER, | ) |
| | ) |
| Defendant. | ) |

## ORDER OF CONTINUANCE

On June 5, 2018, the Grand Jury returned an Indictment charging defendant withtwelve counts of Interstate Transportation of Stolen Money in violation of 18 U.S.C. §2314, with two counts of Bankruptcy Fraud in violation of 18 U.S.C. §157, and with one count of Falsification of Record in Bankruptcy in violation of 18 U.S.C. §§1519 and 2. This criminal action is currently set for trial on the joint criminal trial docket which commences September 23, 2019.

On August 30, 2019, defendant Tucker, by and through counsel, filed a motion for continuance and suggestions in support thereof. The suggestions in support of the defendant's motion for continuance state, in part, as follows:

> This is a complex case involving allegations of fraud as to the purchase and sale of debt as it relates to the statutes cited above. There is a significant volume of discovery that needs to be reviewed. Additional time is needed to consult with appropriate financial experts as to the issues.
>
> Undersigned counsel was retained to represent Mr. Tucker just this week and filed a Notice of Appearance on August 30, 2019.
>
> Undersigned counsel requires additional time to review discovery, meet with Mr. Tucker, in order to have meaningful discussions with the United States Attorney's Office and to prepare for trial. A continuance to April 2020, will allow for the parties to be fully

prepared for trial, or in the alternative, to discuss a resolution of this matter without the need for trial. A continuance of the trial setting will allow for them to fully explore these options.

In light of the basis for the continuance request discussed above, the undersigned represents to the Court that as to defendant, the benefits of excluding the requested continuance for purposes of the Speedy Trial Act exceed the costs to defendant of not excluding such time.

As to the interest of the public, a trial will require significant costs including, but not limited to: (a) lost time and wages to a jury panel; (b) lost time and wages to the jury itself; (c) lost time to the government, including law enforcement, that the government may have otherwise utilized to further its obligations to protect the public; and (d) lost time to the Court that the Court may have otherwise utilized to hear and to resolve various cases before it.

In light of these factors, the benefits to the public of excluding the requested continuance for purposes of the Speedy Trial Act exceed the benefits to the public of not excluding such time. Furthermore, the government does not oppose such exclusion.

In sum, the defendant's interests, the public's interests and the government's interests in granting the requested extension outweigh the interests of the same parties in not excluding such time pursuant to 18 U.S.C. Section 3161(h)(8)(A). The defendant understands that by virtue of his filing of this motion, any period of delay granted by the Court shall be excluded in calculating the time within which his trial must commence pursuant to 18 U.S.C. Section 3161(h)(1)(F) and hereby acknowledges and waives his right to a speedy trial.

Undersigned counsel has contacted Assistant United States Attorney Kate Mahoney, and she has no objection to a continuance of the trial now set for September 23, 2019, to either week of the joint criminal trial docket of April 20, 2020.

The Speedy Trial Act of 1974, as amended, mandates the commencement of the trial of a defendant within 70 days from the defendant's first appearance before a judicial officer of the Court in which the charge is pending. In computing the 70-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a

continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interest of the public and the defendant in a speedy trial, provided the Court sets forth the reason for such finding.

Section 3161(h)(7)(C) provides that a continuance shall not be granted because of general congestion of the Court's calendar. In ordering this case removed from the joint criminal jury trial docket which will commence September 23, 2019, and continuing the trial until the joint criminal jury trial docket which will commence April 20, 2020, the Court is not doing so because of congestion of its calendar.

The Court finds that:

1. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, it would be unreasonable to expect defense counsel to prepare this criminal action adequately for trial prior to April 20, 2020;

2. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, failure to remove this criminal action from the joint criminal jury trial docket which will commence September 23, 2019, and grant a continuance likely would result in a miscarriage of justice;

3. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, failure to remove this criminal action from the joint criminal jury trial docket which will commence September 23, 2019, and grant a continuance would deny defense counsel the reasonable time necessary for effective preparation and thus would deny the defendant his right to effective assistance of counsel; and

4. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, the ends of justice served by removing this criminal action from the joint criminal jury trial docket which will commence September 23, 2019, and granting a continuance outweigh the best interest of the public and the defendant in a speedy trial.

It is therefore,

ORDERED that the motion for continuance of this criminal action filed by defendant Tucker on August 30, 2019, (Doc. No. 26) is GRANTED and that this criminal action is removed from the joint criminal jury trial docket which will commence September 23, 2019. It is further

ORDERED that this criminal action is set for trial on the joint criminal jury trial docket which will commence April 20, 2020. It is further

ORDERED that the pretrial conference is set for Thursday, April 2, 2020, at 1:30 p.m., in Courtroom 7E. It is further

ORDERED that, pursuant to 18 U.S.C. § 3161(h), the time between the date of this Order and May 1, 2020, shall be excluded in computing the time within which the trial of this criminal action must commence.

          */s/ JOHN T. MAUGHMER*
          JOHN T. MAUGHMER
          United States Magistrate Judge

Kansas City, Missouri

Case 4:18-cr-00153-RK   Document 27   Filed 09/03/19   Page 4 of 4