# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  v.  **JOEL JEROME TUCKER,**  Defendant. | Case No. 18-00153-01-CR-W-RK |

## MOTION OF THE UNITED STATES FOR A PRELIMINARY ORDER OF FORFEITURE, WITH SUPPORTING SUGGESTIONS

The United States of America, by its undersigned counsel, respectfully submits its Motion for a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth in the following supporting suggestions. A proposed order is submitted with this motion.

## SUPPORTING SUGGESTIONS

1. On May 21, 2019, the defendant Joel Jerome Tucker was charged in a Superseding Indictment. Relevant to this motion, Count One charged interstate transportation of stolen money, in violation of Title 18, United States Code, Section 2314. ECF No. 17.

2. The Forfeiture Allegation of the Superseding Indictment sought a personal money judgment against defendant Joel Jerome Tucker in an amount representing proceeds obtained as a result of the offence alleged in Count One. *Id*.

3. On July 16, 2020, the defendant Joel Jerome Tucker entered into a plea agreement with the United States in which he agreed to plead guilty to, *inter alia*, Count One of the Superseding Indictment charging violations of Title 18, United States Code, Section 2314; and consented to the entry of a money judgment in the amount of $5,000 in United States currency. ECF No. 39.

4. The Court's jurisdiction in this matter is founded upon Title 18, United States Code, Section 981(a)(1)(C) which provides that:

> Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . . of this title, or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense

28 U.S.C. § 2461(c), provides that:

> If a person is charged in a criminal case with a violation of Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure. If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case pursuant to the Federal Rules of Criminal Procedure and section 3554 of Title 18 United States Code. The procedures in section 413 of the Controlled Substance Act (21 U.S.C. § 853) apply to all stages of a criminal forfeiture proceedings, except that subsection (d) of such section applies only in cases in which the defendant is convicted of a violation of such Act.

5. The United States has not, as of this date, identified specific assets that were derived from the offenses for which the defendant has been convicted. Nor has the United States identified any property of the defendant that could be forfeited as a substitute asset in accordance with Title 21, United States Code, Section 853(p).

6. Accordingly, the United States seeks the entry of an Order of Forfeiture consisting of a personal money judgment against the defendant pursuant to Rule 32.2(b)(2)(C) in the amount of $5,000.

7. The United States requests that the Court orally announce the final calculated amount of the money judgment at the time of sentencing and that the Court include the final calculated amount of the money judgment in its Judgment and Commitment Order. *See* FED. R. CRIM. P. 32.2(b)(4)(B).

8. The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. Forfeiture money judgments are authorized by Title 21, United States Code, Section 853(o) and (p). *See United States v. Johnson*, No. 17-3776, 2020 WL 1845063, at *5 (8th Cir. Apr. 13, 2020) (affirming money judgment based on proceeds of offense); *see also United States v. Smith*, 656 F.3d 821, 827 (8th Cir. 2011); *see also United States. v. Hampton*, 732 F.3d 687, 690-91 (6th Cir. 2013) (28 U.S.C. § 2461(c) incorporates 18 U.S.C. § 853 by reference to civil forfeiture). Once the Order of Forfeiture is entered, the Government may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the defendant, having a value up to the amount of the money judgment, as substitute assets. *Johnson*, 2020 WL 1845063, at *5, n.5.

9. In accordance with the provisions of Title 21, United States Code, Section 853(p) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States requests that it be permitted to undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture, or substitute assets for such property.

WHEREFORE, the United States respectfully requests that this Court enter an order directing a money judgment against the defendant Joel Jerome Tucker in the amount of $5,000.

Respectfully submitted,

Timothy A. Garrison
United States Attorney

By

*/s/ Kathleen D. Mahoney*
Kathleen D. Mahoney
Assistant United States Attorney
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2020, the foregoing motion was electronically filed with the Clerk of the Court using the CM/ECF system, for electronic delivery to all counsel of record.

*/s/ Kathleen D. Mahoney*
Kathleen D. Mahoney
Assistant United States Attorney